DIAZ, J.,
dissenting:
¶ 17. I respectfully dissent to the majority’s reversal of the circuit court and reinstatement of the Gaming Commission’s determination that the proposed site is unsuitable for gaming. The majority believes that the decision could not have been arbitrary and capricious because it was supported by substantial evidence. As demonstrated by the majority, a number of witnesses who were opposed to the new gaming site offered opinion testimony as to their belief that the new gaming site would adversely affect historical, archeological, paleontological, and economical aspects of the proposed gaming site and surrounding areas. The economic impact study and other studies were submitted by the City of Vicksburg. In addition, witnesses testifying as to the historical, archeological, and paleontological impact appeared on behalf of the City of Vicksburg, a biased party that would obviously oppose any competition from casino’s outside of Vicksburg. Horseshoe Gaming sets forth several reasons why this evidence is flawed and unreliable. Whether this evidence is flawed or not, a decision based on studies and testimony influenced by the wishes of the City of Vicksburg and its existing casinos is in itself arbitrary and capricious. The decision of the Gaming Commission 'should only turn on whether the proposed site was a legal and suitable site for gaming, not whether Vicksburg faces a threat of competition. Choosing to rely upon anti-competitive studies and testimony submitted by parties that are clearly biased and opposed to competition is clearly inappropriate. The majority concludes that the evidence and testimony is substantial evidence. I disagree.
¶ 18. There was no evidence presented that would suggest that the proposed site *558 was a poor choice for a gaming site. On the contrary, all of the evidence presented suggests that the proposed site is an excellent site to build a competitive gaming operation. Any evidence suggesting that Vicksburg might be damaged from a casino outside of Vicksburg is only an indication that Vicksburg fears the competition this new casino could bring. This type of evidence should not have been considered. Furthermore, as per Miss.Code Ann. § 97-38-1(b) and according to a majority of the Commission panel, the proposed site is a legal site for gaming. The opposing evidence, listed by the majority, merely amounts to a politically influenced attempt to keep an outside casino from competing with the Vicksburg casinos. In the Gaming Commission’s order, the finding was that gaming development at the proposed site would adversely affect the City of Vicksburg and its existing casinos. Not only is this finding arbitrary and capricious, it also directly conflicts with Legislative mandates.
¶ 19. The Mississippi Legislature requires the Mississippi Gaming Commission to regulate gaming so as to promote competition. The statute provides:
(3) The Legislature hereby finds, and declares it to be the public policy of this State, that:
(a) regulation of licensed gaming is important in order that licensed gaming is conducted honestly and competitively, that the rights of the creditors of licensees are protected and that gaming is free from criminal or corruptive elements. (emphasis added).
Miss.Code Ann. § 75-76-3 (Rev.2000). In addition, the Gaming Commission has stated, “[the Commission] is not charged to protect existing licensees from additional competition, and we do not intend to allow perpetuation of oligopoly through challenges to sites of competitors.”
¶20. The Commission has turned its back on its own principles, allowing Vicksburg and Vicksburg casinos, fueled by the potential threat of competition, to influence the Commission’s decision in denying the gaming site. The bulk of the presentation in opposition to the proposed gaming site consisted of testimony that a casino on the Big Black River location would disrupt the gaming industry in Vicksburg. The decision should not turn on whether Vicksburg approves of the gaming site. The decision, as per legislative mandate, should be based solely on whether the site was a legal and suitable site for a casino. The proposed gaming site would only foster healthy competition. For these reasons, I would affirm the decision of the circuit court and its holding that the Commission’s decision was arbitrary and capricious.
McRAE AND SMITH, P.JJ., JOIN THIS OPINION.